Dear Mr. Atkins:
On behalf of the Amite River Basin Commission, which manages and controls the Amite River Basin Drainage Water Conservation District (the "District"), you have requested the opinion of this office regarding the expenditure of District funds for a flood mitigation and elevation project to be conducted in accordance with the terms of a proposed federal grant.
According to your letter, the Commission has submitted a project proposal to the Federal Office of Emergency Preparedness for FEMA grant funds, in connection with a proposed flood mitigation project that involves the elevation of five repetitively flooded structures. It is our understanding that the project is intended to serve as a model for alternative flood control measures, including future elevation projects conducted by private concerns or governmental entities, and that the Commission will conduct an educational forum based on the project.
You have advised that the project will be funded from the following sources: (1) Federal funds in the amount of $277,000; (2) private funds, primarily from the owners of the five structures, in the amount of $162,000; (3) District funds, in the amount of $50,000; (4) State funds in the amount of $33,000; and (5) Local funds, primarily from the City of Denham Springs, in the amount of $30,000. We assume that the entities undertaking this project have confected cooperative endeavor agreement(s), in accordance with law, specifying their respective rights, duties and obligations in connection therewith.
Some concern about the District's participation in this project has been raised by the Commissioners, as the structures to be elevated are privately owned. Specifically, the Commission has requested this office to examine the legality of using District funds for this project, since the project will result in a benefit to the owners of the private properties.
Implicitly, this office must examine the prohibition found in La. Const. (1974) Art. VII, Sec. 14, which precludes the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private."
The Supreme Court has interpreted Art. VII., Sec. 14 to be violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983). However, in Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990), a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, "assumedly a non-public body (a nonprofit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
R.S. 3:3301, et seq creates the Amite River Basin Drainage and Water Conservation District and vests the Commissioners of the District with the management and control of the District. Those provisions also establish the duties and authority of the Commissioners.
In accordance with the District's statutory jurisdiction, the Commissioners are vested with the authority ". . . to establish adequate drainage, flood control, and water resources development to include but not be limited to construction of reservoirs, diversion canals, gravity and pumped drainage systems, and other flood control works." R.S. 38:3302. Additionally, the Commissioners are ". . . vested with the control of all public drainage, flood control and water resources development, reservoirs, and diversion canals in the district." R.S. 38:3306B.
In our opinion, the Commission's statutory directives provide it with the authority to implement and develop flood mitigation programs and studies such as the project in question. Furthermore, the state's interest in developing flood protection programs and projects is manifested by the very creation of the District and other districts with similar purposes and authority.
We see no reason why the Commission cannot conduct such projects in cooperation with other public and private entities, who will also be benefited thereby. That this project will be conducted upon and thereby benefit private property, does not, in our opinion, obviate the public character of this project as encompassed within the Commission's authority to develop flood protection plans. It occurs to us that most, if not all, flood protection facilities, works and plans benefit private property and the owners thereof.
The fact that the expenditure of public funds for projects in the public interest may result in the enhancement of private property does not denigrate the public nature of such projects and the public purposes served thereby. See Irwin, et al v. Police Jury of Grant Parish, 86 So. 269 (La. 1920).
Of course, nothing contained in this opinion should be construed to imply that the Commission, or any other public body or entity, may declare a project to be in the public interest, and thereby disguise a donation of public funds.
We trust this adequately addresses the Commission's concerns.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/279n